Paul Gattone
State Bar # 012482
Ashley Gilpin
State Bar # 029634
LAW OFFICE OF PAUL GATTONE
312 S. Convent
Tucson, Arizona 85701
(520) 623-1922
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL TEGART,<br><br>             Plaintiff,<br><br>Vs.<br><br>JEFF RUMSLEY #34966, Tucson Police Department Officer, in his individual capacity,<br><br>             Defendant. | No.<br><br>**CIVIL RIGHTS COMPLAINT FOR DAMAGES**<br><br>(Jury Trial Requested) |

Comes now the Plaintiff who alleges:

**INTRODUCTION**

1. This civil action for damages is based on emotional harm inflicted on the Plaintiff by Defendant while acting in his capacity as law enforcement officer and governmental agent of the Tucson Police Department. Defendant deprived Plaintiff of his civil and constitutional rights as guaranteed under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. This civil action for money damages is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and of the Constitution of the State of Arizona.

- 1 -

2. This Court also has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to its pendent jurisdiction over all claims arising under state law.

**PARTIES**

3. Plaintiff Daniel Tegart was, at the time of the incidents alleged, a resident of Pima County. He is currently an inmate at the Arizona State Prison Complex in Yuma, Arizona.

4. Defendant Tucson Police Department officer Jeff Rumsley was, and is at all times relevant to the facts alleged herein, a duly appointed deputy of the Tucson Police Department acting within the course and scope of his employment and under color of state law.

5. At all times relevant to the facts alleged herein, Defendant was a duly appointed, qualified and sworn personnel and/or agents of the Tucson Police Department employed as such and by the Department and acting within the course and scope of his employment and/or agency and under color of state law.

6. All acts and failures to act alleged herein were duly performed by and attributable to Defendant, acting as agent, employee or under the direction and control of the others. All such acts and failures to act were within the scope of such agency and/or employment and under color of law.

7. Plaintiff sues Defendant in his individual capacity.

**FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

8. On September 22, 2015, Plaintiff was living and located in Tucson, Arizona.

9. An Auto Theft Task Force, composed of officers from several different law enforcement agencies, requested assistance with the location of multiple stolen vehicles.

10. Sergeant Mechtel of the Tucson Police Department requested Defendant Rumsley arrive at 1220 North Bryant regarding one of the stolen vehicles.

11. In addition to a stolen vehicle, there was also a stolen motorized scooter on a trailer attached to the stolen vehicle.

12. Defendant Rumsley was directed to remain in the area and aid in contacting any subjects that tried to leave in the stolen vehicle.

13. After thirty minutes of surveillance, a male and a female at the location moved to the truck and the male was attempting to move the scooter.

14. Sergeant Mechtel advised Defendant Rumsley and other officers involved in the Task Force to attempt to detain the two subjects.

15. At the time, neither subject was noted carrying any type of weapon.

16. Defendant Rumsley pulled up to the residence and exited his vehicle with his police canine, Evo.

17. As Defendant Rumsley was walking towards the stolen vehicle, he heard a motor running and saw Plaintiff on the aforementioned scooter.

18. Defendant Rumsley noted that Plaintiff was driving approximately 15-20 miles per hour.

19. Defendant Rumsley then yelled at Plaintiff to stop.

20. Plaintiff lost control of the scooter and crashed the scooter, falling off the scooter into the dirt.

21. While Plaintiff was on the ground, and not making any effort to flee following Defendant Rumsley's command to stop, Defendant Rumsley released his police canine, Evo, on Plaintiff.

22. Plaintiff, having been bitten by a police canine earlier that year, immediately began yelling at Defendant Rumsley not to release the dog on him.

23. Evo latched onto Plaintiff's shoulder and severely injured Plaintiff.

24. Plaintiff was taken into custody without further incident, complying with all commands.

25. Plaintiff was treated by members of the Tucson Fire Department for his injuries.

26. Plaintiff was then transported to University Medical Center for further treatment to his injuries.

27. Plaintiff was compliant with any and all commands that Defendant Rumsley gave him at all times.

28. Plaintiff never ignored Defendant Rumsley's orders and was never seen with a weapon of any type on him.

29. Additionally, Plaintiff was being investigated for a nonviolent property crime.

30. As a member of the Tucson Police Department, Defendant Rumsley is required to operate at all times in accordance with the TPD General Orders.

31. These General Orders are the rules and regulations that govern the conduct of Tucson Police Officers.

32. TPD General Order 2432.4 deals with the use of Service Dogs. General Order 2432.4 states that:  The Canine may be used to make an arrest under the following circumstances:

- The safety of the officer or others is immediately threatened and time does not allow the use of other means of force.
- The nature or type of resistance indicates that the use of less force would be ineffective.

- The crime in question is of a serious nature.

33. None of these circumstances existed on September 22, 2015 when Defendant Rumsley allowed his dog, Bolt, to attack Plaintiff.

34. Plaintiff posed no threat to the officers or others, he presented no resistance to the officers, and the charge he was suspected of was auto theft.

35. While auto theft can be considered a serious offense, it is non-violent in nature and would clearly not justify allowing the service dog to attack Plaintiff.

36. The actions of Defendant Rumsley were meant to terrorize Plaintiff and to inflict serious physical and emotional harm upon him.

37. As a result of Defendant's actions, Plaintiff suffered severe injuries that required extensive medical treatment.

38. Plaintiff also suffered severe emotional distress, from which he is still suffering at present day.

39. As a direct and proximate result of the above acts of the Defendant, Plaintiff suffered the following injuries and damages:

A) Violation of his constitutional rights under color of state law:

B) Physical, mental and emotional pain and suffering:

C) Violation of his rights to be free from unreasonable search and seizure and excessive force.

**COUNT ONE**
(42 U.S.C. § 1983)

40. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

41. Plaintiff claims damages under 42 U.S.C. §1983 against Defendant for violating his civil rights under color of state law.

42. As a direct and proximate result of Defendant's actions, Plaintiff suffered physical injury, pain and suffering, mental anguish, and emotional losses.

**COUNT TWO**
(Constitutional Violations - Fifth and Fourteenth Amendments Claim)

43. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

44. Plaintiff claims damages under the Fifth and Fourteenth Amendments to the United States Constitution for failure to receive due process.

45. As a direct and proximate result of Defendant's actions, Plaintiff suffered physical injury, pain and suffering, mental anguish, and emotional losses.

**COUNT THREE**

(Constitutional Violations – Fourth and Fourteenth Amendments Claim)

46. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

47. Plaintiff claims damages under the Fourth and Fourteenth Amendments to the United States Constitution for violation of his right to be free from unreasonable searches and seizures and to be free from excessive force during an arrest.

48. As a direct and proximate result of Defendant's actions, Plaintiff suffered physical injury, pain and suffering, mental anguish, and emotional losses.

**CLAIM FOR RELIEF**

WHEREFORE, the Plaintiff asks that this court grant him the following relief:

    a. General damages against Defendant in an amount to be determined upon consideration of the evidence;

    b. Punitive damages against Defendant in an amount to be determined upon consideration of the evidence;

    c. Costs of this suit;

    d. Attorney's fees pursuant to applicable statutes, including, inter alia, 42 U.S.C. §§ 1983 and 1988;

    a. Granting any and all other relief that the court deems appropriate.

JURY TRIAL DEMANDED

REPECTFULLY SUBMITTED this 22nd day of September 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

        s/Paul Gattone
        Paul Gattone
        Attorney for Plaintiff