Paul Gattone
State Bar #012482
Law Office of Paul Gattone
301 S. Convent
Tucson, AZ 85701
(520) 623-1922
pgattone@aol.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| Daniel Tegart, | NO: CV-17-472-TUC-RM |
|---|---|
| Plaintiff, | **MOTION IN LIMINE** |
| v. | Hon. Judge Marquez |
| Tucson Police Officer Rumsley #34996, in his individual capacity, | |
| Defendant. | |

Defendant, through Counsel Undersigned, filed the following Motion In Limine in connection with the above numbered matter. Plaintiff seeks to have the following precluded from introduction at the trial set in this matter:

1) Presence of Drugs or Alcohol in Plaintiff's System/Drug or Alcohol Use

Defendant seeks to have any testimony or other evidence regarding the presence of illegal substances, narcotics or alcohol that may have been in his system on the date of the incident in this matter precluded from being introduced at the trial in this matter. In addition, Plaintiff seeks to have any evidence regarding his past drug or alcohol use, or his drug and alcohol use in general from being introduced at the trial in this matter. Defendant

- 1 -

and the other officers present at the time when Plaintiff was bitten by Defendant's police dog had no information regarding the presence of drugs or alcohol in Plaintiff's system, nor or Plaintiff's drug use in general, and only got this information after the fact. As such, this information is irrelevant to the ultimate issues in this case, whether Defendant used excessive force against Plaintiff and as such should not be introduced at trial. Rule 401 of the Federal Rules of Evidence holds that:

Evidence is relevant if:

**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and
**(b)** the fact is of consequence in determining the action.

Information regarding the presence of illegal drugs or alcohol in Plaintiff's system at the time of the incident does not make any fact more probable than it would be without the evidence, nor is it of consequence in determining whether Defendant's use of force was reasonable under the circumstances. As such, this information is irrelevant and must be precluded.

In addition, any evidence of the presence of illegal drugs or alcohol in Plaintiff's system at the time of the incident, or evidence of Plaintiff's drug or alcohol use in general is highly prejudicial and has very little probative value.

2) Defendant's Expert Testimony

Plaintiff asks that the Court preclude Defendant's expert from testifying that Defendant's use of

force or actions were "legal" or that Plaintiff's civil rights were not violated. Both of these are ultimate conclusions of law and are for the jury to decide and are not appropriate testimony for an expert witness.

3) Evidence of Plaintiff's Criminal Convictions and Subsequent Imprisonment:

Plaintiff seeks to preclude the introduction of any evidence of crimes that he was convicted of as a result of the events of 3/9/15 and 9/22/15. These convictions, for theft of means of transportation and possession of the weapon by a prohibited possessor came after the interaction between Plaintiff and Defendant and as such are not relevant to the ultimate issue of the reasonableness of Defendant's use of force. Also, evidence regarding Plaintiff's post-incident convictions is more prejudicial than probative and will only serve to prejudice the jury against Plaintiff while not serving to prove or disprove facts at issue in this case. The fact that Plaintiff was subsequently imprisoned for these offenses is likewise not relevant to the ultimate issue in this case and is more prejudicial than probative.

Based on the above, and in the interest of justice, Plaintiff asks this Court to grant his Motion in Limine and to preclude the introduction of any testimony described above.

Dated February 22, 2019

                                          s/Paul Gattone

                                          Paul Gattone
                                          Law Office of Paul Gattone
                                          Appearing for Plaintiff

| | |
|---|---|
| Daniel Tegart, | NO: CV-17-472-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | Hon. Judge Marquez |
| Tucson Police Officer Rumsley #34996, in his individual capacity, | |
| Defendant. | |

Based on Plaintiff's Motion, and good cause appearing, Plaintiff's Motion in Limine is granted.

Dated:

_____

Judge of the Federal Court