J.C. Patrascioiu/
CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1
Tucson, AZ 85701
(520) 884-7777 Option 2
Fax (520) 620-0921
jcp@curllaw.com
PCC No. 65961, State Bar No. 24836
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

DANIEL TEGART,

Plaintiff,

v.

JEFF RUMSLEY #34996, Tucson Police Department Officer, in his individual capacity,

Defendant.

NO: CV-17-472-TUC-RM

**RESPONSE TO MOTION IN LIMINE**

Hon. Rosemary Marquez

Defendant, JEFF RUMSLEY, by and through his attorneys, CURL, GLASSON & PATRASCIOIU, P.L.C., by J.C. Patrascioiu, hereby files this response to Plaintiff's Motion in Limine (hereinafter "Plaintiff's MIL"). In Plaintiff's MIL, confusingly, Daniel Tegart refers to himself at times as "Defendant" and at other times as "Plaintiff." Although Mr. Tegart has often been the defendant in criminal cases, in this case, he is the plaintiff and will be referred to in this pleading as "Plaintiff." Plaintiff makes several requests for relief in Plaintiff's MIL which will be addressed here seriatim.

**Factual Basis**

As a preliminary matter, in making his request for relief, Plaintiff fails to advise the court of what evidence he seeks to preclude making it difficult, if not impossible, for the court to properly assess what evidence is relevant. Plaintiff has an extensive history of criminal activity and drug use. Plaintiff was first convicted of a felony (possession of a narcotic drug) in 2001. Then in 2003 and 2004, Plaintiff was convicted of additional felonies (theft of means of transportation).

On March 9, 2015, Plaintiff was being investigated by the Auto Theft Task Force ("ATTF"). When confronted by police, Plaintiff attempted to flee. Plaintiff was apprehended with the assistance of Evo, Officer Rumsley's Police Service Dog (hereinafter the "1st Bite"). Plaintiff had a stolen handgun on his person when he was apprehended. Plaintiff was taken to Banner South Hospital and, according to his medical records admitted to drug use. Later, at his deposition, Plaintiff testified that, when he was caught on March 9, 2015, he was under the influence drugs. When asked which specific drugs he was on, he testified, "probably marijuana and methamphetamine." After a few weeks, while awaiting trial, Plaintiff bonded out of jail.

On September 22, 2015, the ATTF was investigating a stolen truck. When they approached the truck, they encountered Plaintiff who attempted to flee on a stolen scooter. Officer Rumsley again used Evo to apprehend Plaintiff (hereinafter the "2nd Bite"). This time, Plaintiff did not have a gun on his person. The parties have a critical dispute of fact as to when and under what circumstances Officer Rumsley deployed Evo. Specifically, Plaintiff asserts Officer Rumsley released Evo after Plaintiff had clearly surrendered,

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

whereas Officer Rumsley asserts he released Evo as Plaintiff was attempting to flee. Significantly, Plaintiff's testimony is the only evidence Plaintiff offers in support of his version of this incident.

Thereafter, Plaintiff was taken to Banner UMC for treatment. A routine tox screen revealed amphetamines in Plaintiff's system. Later, at his deposition, Plaintiff testified that he was on methamphetamine when he was caught on September 22, 2015.

Plaintiff was convicted of several felonies as a result of his conduct on March 9, 2015 and September 22, 2015, some by trial and some by plea, including possession of a gun by a prohibited possessor and theft of means of transportation. At his deposition, Plaintiff testified that he was uncertain how many times he had been convicted of felonies. Plaintiff has been in custody since September 22, 2015, was deposed at the prison, and received all his medical treatment, including the treatment he relies on as proof of his claimed damages, while in custody.

**Presence of Drugs or Alcohol in Plaintiff's System/Drug or Alcohol Use**

Plaintiff seeks to have evidence regarding the presence of illegal substances in his system, whether on the date of the 2nd Bite or in the past, precluded. Plaintiff argues that such evidence is not probative of whether Officer Rumsley used excessive force. Plaintiff's argument might be persuasive if Plaintiff were not a witness. However, not only is he a witness, he is the *only* fact witness on Plaintiff's behalf.

As this case turns on a question of fact, Plaintiff's credibility is highly relevant. Plaintiff proposes to testify as to what happened on the dates of the 1st and 2nd Bites. The trier of fact must be able to assess Plaintiff's credibility, including his ability to accurately

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

perceive and recall events, which would be impacted by his state of mind at the time of the events. Accordingly, evidence of his drug use on the dates of the 1st and 2nd Bites is highly relevant and should not be precluded.

Further, Plaintiff claims that nortriptyline, a drug which can treat mental health issues, was in fact prescribed to treat nerve pain which Plaintiff relates to the 2nd Bite in this case. Defendant's expert, Dr. Eskay-Auerbach, will testify that, based on her review of the medical records, this drug was prescribed to treat mental health issues. Accordingly, Plaintiff's mental health treatment, which, by Plaintiff's own admission, was impacted by his extensive history of drug use, is at issue. Accordingly, evidence of Plaintiff's drug use, both on the dates of the 1st and 2nd Bites, as well as historically, is relevant.

Meanwhile, the prejudicial effect of evidence of Plaintiff's drug use would be minimal. Plaintiff, by his own admission, was engaged in stealing cars and tried to flee from law enforcement both times he was bitten by Evo. In short, a jury is already going to know Plaintiff has repeatedly failed to adhere to criminal laws and, to the extent that is offensive to them, that taint will already have attached. The marginal effect of knowing that Plaintiff was on drugs at the time will be minimal. However, the relevance of Plaintiff's state of mind, especially with respect to his ability to accurately perceive and recall, will be very high. Thus, the prejudicial effect does not substantially outweigh the probative value of the evidence and Plaintiff's request to preclude evidence of his drug use should be denied.

**Defendant's Expert Testimony**

Plaintiff requests that the court preclude Defendant's expert from testifying that

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

Officer Rumsley's actions were "legal" or that Plaintiff's rights were not violated. Plaintiff's request is vague and, in any case, he offers no legal support for his request.

As noted above, this matter turns on a dispute of fact. Defendant's canine and police practices expert is Terry Anderson. Defendant proposes that Mr. Anderson would testify that, in his experience, deploying Evo under the circumstances described by Ofc. Rumsley, does not constitute use of excessive force. Such testimony would not be an ultimate conclusion as the trier of fact would still need to determine *whether* Ofc. Rumsley accurately described the circumstances under which Evo was deployed or whether the evidence supports concluding that different circumstances existed. The proposed expert testimony would appropriately assist the jury in understanding the evidence. Accordingly, Plaintiff's request for relief should be denied.

**Evidence of Plaintiff's Criminal Convictions and Subsequent Imprisonment**

Plaintiff seeks to preclude evidence of the crimes of which he was convicted and as well as the fact that he was in custody. Plaintiff's request lacks legal basis and, in any case, it's not clear what evidence Plaintiff proposes to present himself. Accordingly, Plaintiff's request should be denied.

As a preliminary matter, evidence of Plaintiff's felony convictions is admissible pursuant to Fed.R.Evid. 609. Plaintiff will be a testifying witness and admits he has been convicted of several felonies, which are less than 10 years old. Accordingly, he may be properly impeached with evidence that he has been convicted of felonies.

Plaintiff seeks to preclude that he has been in custody but the only evidence of his medical treatment, which he claims as evidence of his damages, was provided while he

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

was in custody. Plaintiff was deposed while he was in custody. In fact, Plaintiff proposes to testify that his damages are ongoing because he was not able to get reasonable and necessary medical care *because* he was in custody. Plaintiff proposes to testify about his ongoing limitations, both physical and emotional, as a result of the 2nd Bite, and Defendant must be able to develop evidence about other potential causes of his claimed damages. Not only is the quality of Plaintiff's life since the 2nd Bite, which has all been in custody, highly relevant, it is not clear how Plaintiff proposes to preclude this central fact of his existence without wildly misleading the jury. Accordingly, Plaintiff's request to preclude evidence of his prior convictions and subsequent imprisonment must be denied.

**Plaintiff lacks the Necessary Certification**

Local Rule 7.2(l) provides that an opposed motion in limine will not be considered unless moving counsel includes a certification that the parties conferred and attempted to resolve the issues. The rule is not permissive but, rather, mandatory. Plaintiff failed to include the necessary certification that he has conferred with the opposing party and his motion is opposed. Accordingly, the court must deny Plaintiff's Motion in Limine.

DATED: March 6, 2019

CURL, GLASSON & PATRASCIOIU, P.L.C.

By: /s/ J.C. Patrascioiu
J.C. Patrascioiu
*Attorneys for Defendant*

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2019, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Paul Gattone
LAW OFFICE OF PAUL GATTONE
312 S. Convent
Tucson, AZ 85701
*Attorneys for Plaintiff*

/s/ ACM

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com