# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Tegart, | No. CV-17-00472-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Jeff Rumsley, | |
| Defendant. | |

Plaintiff Daniel Tegart sues under 42 U.S.C. § 1983, asserting that his Fourth Amendment rights were violated on September 22, 2015, when Defendant Jeff Rumsley, a Tucson Police Department Officer, deployed a police canine named Evo to apprehend Plaintiff. (Docs 1, 5.)[1] The parties dispute whether Plaintiff was attempting to flee at the time the canine was deployed. A jury trial is scheduled for September 10, 2019. (Doc. 58.)

At a pretrial conference held on April 22, 2019, the Court granted Defendant's Motion in Limine re: History of Internal Affairs (Doc. 49), with leave for Plaintiff to re-raise the issue of the admissibility of internal affairs investigations involving the use of police canines. Currently pending before the Court are Defendant's Motion in Limine Regarding Opinion of Causation (Doc. 46), Defendant's Motion in Limine Regarding Deadly Force (Doc. 47), Defendant's Motion in Limine Regarding Hearsay (Doc. 48), and

---

[1] The parties' filings indicate that the same police canine bit Plaintiff during a separate incident on March 9, 2015, when Defendant apprehended Plaintiff on suspicion of property crimes. Plaintiff is not challenging the legality of the March 9, 2015 incident in this action.

Plaintiff's Motion in Limine (Doc. 50).

## I. Plaintiff's Motion in Limine (Doc. 50)[2]

Plaintiff's Motion in Limine seeks to preclude three separate categories of evidence. The Court will address each in turn.

### A. Evidence of Plaintiff's Drug and Alcohol Use

First, Plaintiff seeks to preclude evidence of his past drug and alcohol use, as well as evidence regarding the presence of illegal substances, narcotics, and/or alcohol that may have been in his system during the date of the incident at issue. (Doc. 50 at 1-2.)[3] Plaintiff argues that such evidence is irrelevant because Defendant had no information regarding the drug or alcohol use at the time he deployed Evo. (*Id.*) Plaintiff further argues that the evidence "is highly prejudicial and has very little probative value." (*Id.* at 2.)

Defendant argues that, because Plaintiff will be a witness at trial, evidence of the presence of drugs and/or alcohol in his system during the March 9, 2015 and September 22, 2015 incidents is relevant to his ability to accurately perceive and recall those incidents. (Doc. 55 at 3-4.) Defendant also argues that evidence of Plaintiff's history of drug use is relevant to the issue of damages because, by Plaintiff's own admission, the drug use impacted Plaintiff's mental health issues; Defendant's expert, Dr. Eskay-Auerbach, will testify that notriptyline, a drug that Plaintiff claims was prescribed to treat nerve pain caused by the September 22, 2015 dog bite, was actually prescribed to treat Plaintiff's

---

[2] Defendant argues that Plaintiff's Motion in Limine should be denied because Plaintiff failed to provide the certification required by LRCiv 7.2(l). (Doc. 55 at 6.) Rule 7.2(l) of the Local Rules of Civil Procedure provides that "[n]o opposed motion in limine will be considered or decided unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion." LRCiv 7.2(l). Plaintiff's Motion does not include the requisite certification. The Court does not condone Plaintiff's failure to comply with Rule 7.2(l), and it cautions Plaintiff's counsel to carefully review and adhere to the Local Rules in the future. However, based on the parties' statements at oral argument, it is clear that the parties are not able to resolve the issues that are the subject of Plaintiff's Motion in Limine without Court involvement, and the Court finds that a summary denial of Plaintiff's Motion would be too harsh a penalty for Plaintiff's noncompliance with LRCiv 7.2(l). Accordingly, the Court will evaluate the Motion on the merits.

[3] All record citations refer to the page numbers generated by the Court's electronic filing system.

mental health issues. (*See id.* at 4.) Defendant further argues that the prejudicial effect of evidence of Plaintiff's drug use does not outweigh the probative value of the evidence because the jury will already know that Plaintiff repeatedly failed to adhere to criminal laws. (*Id.*)

Evidence is relevant if it "has any tendency" to make a fact "of consequence in determining the action" either "more or less probable." Fed. R. Evid. 401. Although relevant evidence is generally admissible, Fed. R. Evid. 402, it may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice," Fed. R. Evid. 403. The Court agrees that, if Plaintiff testifies at trial, then evidence of the presence of drugs and/or alcohol in his system during incidents to which he testifies is relevant to his ability to accurately perceive and recall the incidents. Although such evidence carries a risk of unfair prejudice, that risk does not substantially outweigh the relevance of the evidence. Fed. R. Evid. 403. In order to alleviate the prejudicial effect of the evidence, the Court will, upon request, consider a limiting instruction.

The relevance of Plaintiff's history of drug use is significantly more limited. Defendant need not present evidence that such history of drug use contributed to Plaintiff's mental health issues in order to present expert testimony that notriptyline was prescribed to treat Plaintiff's mental health issues rather than nerve pain. Because the risk of unfair prejudice substantially outweighs the limited relevance of the evidence, Fed. R. Evid. 403, the Court will preclude Defendant from introducing evidence of Plaintiff's history of drug use.

### B. Defendant's Canine and Police Practices Expert

Second, Plaintiff seeks to preclude Defendant's expert from testifying that Defendant's use of force or actions were legal or that Plaintiff's civil rights were not violated. (Doc. 50 at 2-3.) Plaintiff argues that such testimony is not appropriate for an expert witness because it represents ultimate conclusions of law for the jury to decide. (*Id.* at 3.) Defendant indicates that his canine and police practices expert, Terry Anderson, plans to testify that, in his experience, deploying Evo under the circumstances described

1 by Defendant Rumsley did not constitute use of excessive force. (Doc. 55 at 5.) Defendant
2 argues that such testimony will be helpful to the jury and will not constitute testimony on
3 an ultimate conclusion, as the jury will still need to determine whether Defendant Rumsley
4 accurately described the circumstances under which Evo was deployed. (*Id.*)

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 imposes a gatekeeping obligation upon the trial court to ensure that expert testimony is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). This gatekeeping requirement is meant to ensure "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

"[E]xpert testimony concerning an ultimate issue is not per se improper." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal quotation omitted). However, expert witnesses may not give opinions on ultimate issues of law. *Id.*; *see also Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (en banc) (expert witnesses may not testify as to "the ultimate principles of law governing the deliberations of the jury"). It can be difficult to distinguish questions of law from questions of fact and mixed questions of law and fact. *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997). The Ninth Circuit has held that expert testimony regarding whether defendants deviated from industry standards was permissible where the expert never testified to a legal conclusion that the defendants had acted in bad faith. *Hangarter*, 373

F.3d at 1016. The Ninth Circuit has also held that a trial court abused its discretion in allowing witnesses to testify "as to their opinion about whether there was probable cause" for an arrest. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008).

The Court will preclude Mr. Anderson from testifying that Defendant's actions were legal and that Defendant did not use excessive force, as such testimony constitutes impermissible expert opinions on ultimate issues of law. Assuming timely disclosure and proper foundation, Mr. Anderson may testify regarding standard police practices and procedures in the context of the use of police canines, as well as whether Defendant's conduct was consistent with standard police practices and procedures.

### C. Plaintiff's Criminal Convictions

Finally, Plaintiff seeks to exclude evidence of crimes that he was convicted of as a result of the events occurring on March 9, 2015 and September 22, 2015. (Doc. 50 at 3.) Plaintiff argues that the convictions are not relevant to the issue of whether Defendant's use of force was reasonable, and that evidence of the convictions is more prejudicial than probative. (*Id.*)

Defendant argues that evidence of Plaintiff's felony convictions is admissible for purposes of impeachment pursuant to Federal Rule of Evidence 609 because Plaintiff will testify at trial and the felonies are less than 10 years old. (Doc. 55 at 5.) Defendant further argues that evidence of Plaintiff's imprisonment is relevant to Plaintiff's damages claim, because Plaintiff was treated for his injuries while imprisoned and he is expected to testify that his inability to get proper medical care while in custody caused ongoing injuries. (*Id.* at 5-6.) Furthermore, Defendant argues that the quality of Plaintiff's life since the September 22, 2015 incident is relevant to show other potential causes of Plaintiff's claimed damages, including his emotional distress damages. (*Id.* at 6.)

Subject to Rule 403, evidence of felony convictions must be admitted in a civil case for purposes of attacking a witness's character for truthfulness. Fed. R. Evid. 609.[4]

---

[4] The limits on using evidence of convictions that are over 10 years old—see Fed. R. Evid. 609(b)—are not relevant to the convictions arising from the March 9, 2015 and September 22, 2015 incidents.

- 5 -

1  Accordingly, if Plaintiff testifies at trial, evidence of his felony convictions are admissible
2  under Rule 609 unless the probative value of the evidence is substantially outweighed by
3  a risk of unfair prejudice or other Rule 403 concerns.  The Court agrees with Plaintiff that
4  evidence of the felony convictions arising from the March 9, 2015 and September 22, 2015
5  incidents poses a substantial risk of unfair prejudice, but the evidence is also highly
6  relevant, and the evidence can be admitted in a manner that helps ameliorate the risk of
7  prejudice.  Defendant may introduce evidence of the convictions but must redact
8  information that would reveal that the convictions arose from the March 9, 2015 and
9  September 22, 2015 incidents.

10  The Court also recognizes that evidence of Plaintiff's incarceration poses a risk of
11  unfair prejudice; however, the Court finds that the risk does not substantially outweigh the
12  probative value of such evidence for purposes of establishing damages and allowing the
13  jury to understand the circumstances of Plaintiff's medical treatment.  Accordingly,
14  Plaintiff's request to exclude such evidence will be denied.  The Court will consider a
15  limiting instruction upon request and will also entertain a motion to bifurcate trial into
16  liability and damages phases in order to minimize prejudice flowing from evidence that is
17  relevant to damages but not liability.

18  **II.     Defendant's Motion in Limine Regarding Opinion of Causation (Doc. 46)**

19  Defendant asks the Court to exclude evidence of Plaintiff's ongoing physical and
20  emotional complaints and to preclude Plaintiff from testifying that the ongoing issues were
21  caused by the police canine bite on September 22, 2015.  (Doc. 46 at 5.)  Defendant avers
22  that, during his deposition, Plaintiff testified to ongoing nerve pain, shoulder pain, limited
23  range of motion, and emotional trauma, and opined that these ongoing issues were caused
24  by the September 22, 2015 incident.  (*Id.* at 4.)  Defendant argues that Plaintiff's testimony
25  on causation should be precluded because such testimony requires expertise, which
26  Plaintiff lacks.  (*Id.* at 4-5.)  Defendant further argues that, because Plaintiff has not
27  disclosed any expert who will opine on causation, Plaintiff cannot establish a causative link
28  between the September 22, 2015 incident and Plaintiff's ongoing physical and emotional

1 complaints; accordingly, Defendant asserts that evidence of the ongoing complaints is irrelevant. (*Id.* at 5.) Finally, Defendant argues that even if such evidence has some relevance, it should nevertheless be excluded due to a danger of unfair prejudice under Rule 403 of the Federal Rules of Evidence. (*Id.* at 5-6.)

Plaintiff responds that he has personal knowledge of his injuries and when he received them, and that he may accordingly testify to such matters under Rule 602 of the Federal Rules of Evidence. (Doc. 56 at 1-2.) Plaintiff argues that he does not need an expert witness, nor any particular expertise, to testify regarding the nature and extent of his injuries as well as when he began suffering from certain medical conditions. (*Id.* at 2.)

A witness may testify to matters of which the witness has personal knowledge. *See* Fed. R. Evid. 602. Furthermore, a lay witness may testify to an opinion if the opinion is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Plaintiff has personal knowledge of his physical and emotional conditions both prior to and after the September 22, 2015 incident. Furthermore, if Plaintiff testifies that certain physical and emotional conditions did not exist before the incident but did exist afterward, then his opinion that the conditions were caused by the incident is rationally based on his perceptions. Although scientific, technical, or other specialized knowledge could be used to refute Plaintiff's causation opinion, it requires no specialized knowledge for Plaintiff to conclude that conditions that did not exist before the incident and did exist after the incident were caused by the incident. Accordingly, the Court finds that Plaintiff's testimony is admissible under Rules 602 and 701 of the Federal Rules of Evidence. Defendant has failed to identify any risk of unfair prejudice that would substantially outweigh the testimony's relevance under Rule 403. Defendant's Motion in Limine Regarding Opinion of Causation will be denied.

. . . .

**III.    Defendant's Motion in Limine Regarding Deadly Force (Doc. 47)**

Defendant seeks to preclude Plaintiff's police canine practices expert, Ernest Burwell, from testifying that Defendant used deadly force. (Doc. 47 at 3-4.) Defendant does not dispute that Mr. Burwell's expert report was timely disclosed, but he complains that Plaintiff failed to allege deadly force in his Complaint, discovery responses, or the parties' Joint Report. (*Id.* at 2.)[5] Defendant further argues that Mr. Burwell's opinion regarding deadly force is unsupported by the evidence and would only serve to inflame the passions of the jury. (*Id.* at 2-4.) Plaintiff argues that his expert's opinion that deployment of Evo constituted deadly force is admissible and more probative than prejudicial. (Doc. 56 at 3.)

"Deadly force means force reasonably likely to kill." *Miller v. Clark Cnty.*, 340 F.3d 959, 962 (9th Cir. 2003). Force that presents only "a remote possibility of death in the circumstances" does not constitute deadly force. *Id.* (internal quotation marks omitted). "[A]n officer's ordering a police dog to bite a suspect does not pose more than a remote possibility of death in most circumstances." *Id.* Although the issue of whether a police dog's "bite constituted 'deadly force' is a legal conclusion," *id.* at 963 n.7, "characterizing the quantum of force with regard to the use of a police dog depends on the specific factual circumstances" of the case at hand. *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc).

Defendant relies upon *Miller* and *Lowry* in support of his Motion, but both of those cases involved appellate review of summary judgment rulings. In each case, the Court determined the quantum of force of a police dog bite based on undisputed facts. Here, Defendant argues that there is no evidence supporting a conclusion that Evo's bite constituted deadly force. However, Defendant did not move for partial summary judgment on that issue, and there are no findings of undisputed fact under which this Court could evaluate the quantum of force of Evo's bite.

---

[5] Because there appears to be no dispute that Mr. Burwell's opinion regarding deadly force was timely disclosed, and Defendant cites no authority to support the position that such an opinion is inadmissible if deadly force was not specifically alleged in a Complaint or discovery responses, the Court declines to address this argument at length.

Because the characterization of a dog bite as "deadly force" is a legal conclusion, and, as discussed above, expert witnesses cannot testify as to ultimate legal conclusions, the Court will grant Defendant's Motion to the extent it seeks to preclude Mr. Burwell from testifying that Evo's bite constituted deadly force or excessive force. However, assuming proper foundation is laid at trial, Mr. Burwell will be permitted to testify regarding whether the deployment of Evo had a reasonable probability of causing death. *See Miller*, 340 F.3d at 963 n.7.

**IV.    Defendant's Motion in Limine Regarding Hearsay (Doc. 48)**

Defendant seeks to preclude Plaintiff from testifying as to what medical providers told him concerning his injuries and the available treatment for those injuries, on the grounds that such testimony is inadmissible hearsay. (Doc. 48 at 1-2.) At oral argument on April 22, 2019, Defendant clarified that he is not arguing that Plaintiff's medical records are inadmissible; both parties agree the medical records are admissible as business records. Rather, Defendant seeks only to preclude Plaintiff from testifying to statements made to him by medical providers.

Because Plaintiff's testimony regarding out-of-court statements made by medical providers would be offered for the purpose of proving the truth of the matters asserted, the rule against hearsay bars the testimony unless a hearsay exception applies. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. Plaintiff argues that the testimony falls under the hearsay exception of Rule 803(4). (Doc. 56 at 2.) Rule 803(4) of the Federal Rules of Evidence provides that a statement that "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause" is not excluded by the rule against hearsay. Fed. R. Evid. 803(4). The rationale behind this exception is that patients have an incentive to accurately convey information about their medical history, symptoms, and sensations in order to obtain appropriate medical care and, therefore, the reliability concerns underlying the rule against hearsay do not apply to statements made for purposes of medical diagnosis or treatment. *United States v. Kootswatewa*, 893 F.3d 1127, 1132

(9th Cir. 2018), *as amended*. Out-of-court statements concerning medical history and/or symptoms that Plaintiff made to medical providers for the purpose of obtaining medical diagnoses or treatment is generally admissible under Rule 803(4); however, statements made to Plaintiff by medical providers are not. Rule 803(4) covers statements made *for* medical diagnosis/treatment, not statements *of* medical diagnosis/treatment. Accordingly, the rule does not provide a hearsay exception that would allow Plaintiff to testify to out-of-court statements made to him by medical providers for the purpose of proving the truth of those statements. Because Plaintiff has identified no other applicable hearsay exception, Defendant's Motion in Limine Regarding Hearsay will be granted.

**IT IS ORDERED** that Plaintiff's Motion in Limine (Doc. 50) is **partially granted and partially denied**, as set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine Regarding Opinion of Causation (Doc. 46) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine Regarding Deadly Force (Doc. 47) is **partially granted and partially denied**, as set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine Regarding Hearsay (Doc. 48) is **granted**.

Dated this 8th day of July, 2019.

_____
Honorable Rosemary Márquez
United States District Judge